IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

KAMERINAS ENTERPRISES, INC.      §
AND MOISES GONZALEZ      §
     §
V.      §            CASE NO. 5:17-cv-229
     §
SENTINEL INSURANCE COMPANY, LTD      §

## NOTICE OF REMOVAL

Defendant Sentinel Insurance Company, Ltd. ("Sentinel") through undersigned counsel and pursuant to 28 U.S.C §§ 1441 and 1446, files this Notice of Removal of the action captioned as follows: *Kamerinas Enterprises, Inc. and Moises Gonzalez v. Sentinel Insurance Company, Ltd.*, Cause No. 2017CVH002094D1; In the 49th Judicial District Court of Webb County, Texas. In support of this Notice of Removal, Sentinel respectfully represents the following:

1.        Plaintiff Moises Gonzalez ("Plaintiff") commenced the state-court action against Sentinel (Sentinel) and John Doe ("Doe") on or about August 31, 2017, by filing Plaintiff's Original Petition (the "Petition") in the 49th Judicial District Court of Webb County, Texas. Sentinel was served with the summons and a copy of the complaint on September 13, 2017.

2.        On October 12, 2017 Plaintiffs filed their First Amended Petition and Jury Demand adding Kamerinas Enterprises, Inc. as a new party Plaintiff, and removing the fictitious John Doe from the party Defendants. Sentinel was served with a copy of the amended petition by electronic means the same day.

3.        A copy of all process, pleadings, and orders in the state-court action is filed with this Notice of Removal.

4.      The Amended Petition avers that Plaintiff Gonzalez is a resident citizen of Webb County, Texas. (Amended Pet. ¶ 3.)  The amended Petition avers that Plaintiff Kamerinas is a forfeited entity under §171.255 of the Texas Tax Code, with its principal place of business located at 5714 Cerrito Prieto, Laredo, Texas.  (Amended Pet. ¶ 2.)

5.      The Amended Petition alleges that Defendant Sentinel is an insurance company doing business in the State of Texas.  (Pet. ¶ 4.)  In fact, Sentinel is a corporation domiciled in the State of Connecticut and maintains its principal place of business in Hartford, Connecticut.

6.      The Amended Petition alleges that Plaintiffs own property located in Laredo, Texas (the "Property") that was insured by an insurance policy issued by Sentinel. (Amended Pet. ¶ 9.)

7.      The Amended Petition alleges that "[i]n 2017, during the policy period, a storm caused damage to the Property that was covered [by] the Policy " causing "extensive damage to the Property including but not limited to damage to the roof and exterior of the Property." (Amended Pet. ¶ 10)

8.      The Amended Petition further alleges that Plaintiff filed a claim on his insurance policy (Pet. ¶ 3) and that Sentinel failed to adequately compensate Plaintiffs noticed damage to the Property" and "contacted Sentinel . . . to notify Sentinel . . . of the damage."  (Amended Pet. ¶ 11.)

9.      Plaintiff's Original Petition, Jury Demand, and Requests for Disclosure included a stipulation that he "will not accept a judgment that exceeds the sum or value of $75,000, exclusive of interest and costs."  (Pet. ¶ 71.)  In the Amended Petition, Plaintiffs now allege that they seek "monetary relief over $200,000 but not more than $1,000,000." (Amended Pet. ¶ 65) This amount satisfies the minimum jurisdictional requirements of this Court.

10.     Where the Plaintiff's' Petition is not removable because it affirmatively sets the recoverable damages below the threshold for diversity jurisdiction, the case may become removable where a diverse defendant files the notice of removal within thirty days after the defendant's receipt, "through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case has become removable." 28 U.S.C. §1446(b)(3); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996); *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006); *cf. Durham v. Lockheed Martin Corp.*, 455 F.3d 1247, 1251-52 (suit was removable, but not removed, based on diversity when filed; suit later became removable, and was considered timely removed, based on federal officer grounds which did not become apparent until after Defendant received interrogatory answers).

11.     The present case has become removable where it previously was not removable based on the stipulated damages in the Original Petition, because Sentinel has now received confirmation, through the Amended Petition, that Plaintiffs seek more than $75,000 in damages.

12.     This Notice of Removal is filed within 30 days of service of the Amended Petition and is therefore timely under 28 U.S.C. § 1446 (b).

13.     Sentinel denies the underlying facts as alleged by Plaintiffs or as summarized in this Notice.  Sentinel expressly denies that it has any liability to Plaintiffs.

## DIVERSITY JURISDICTION

14.     This Court has original jurisdiction pursuant to 28 U.S.C § 1332 (a), and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441 (a), because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Plaintiffs are citizens of Texas for diversity jurisdiction

purposes because Plaintiff Gonzalez resides in Texas and Plaintiff Kamerinas is a forfeited corporation organized under the laws of Texas with its principal place of business in Laredo, Texas.  Sentinel is a corporation domiciled in the State of Connecticut and maintains its principal place of business in Hartford, Connecticut.

15.     The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332 (a). In the Petition, Plaintiffs allege that they seeks "monetary relief over $200,000 but not more than $1,000,000." (Amended Pet. ¶ 65)  Plaintiffs also seek penalties, costs, expenses, pre-judgment interest, and attorneys' fees.  Attorneys' fees and penalties may be included as part of the amount in controversy for jurisdictional purposes. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000).

16.     Plaintiffs in Texas are also not limited to recovery of damages requested in their pleadings. "[L]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints . . ." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). "The general principle is that Plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412, n. 10.

17.     No binding stipulation or affidavit was filed with the Amended Petition, and in fact, Plaintiffs explicitly seek damages of more than $200,000.

## REMOVAL PROCEDURE

18.     Sentinel has provided the clerk of the 49th Judicial District Court of Webb County, Texas with notice of this removal.

19.     Copies of the following documents are hereby provided to the clerk of this Court for filing in connection with this  Notice of Removal:

a.      Index of matters being filed;

b.      A copy of the docket sheet from the 49th Judicial District Court, Webb County, Texas.

c.      The state court file, including all executed process, pleadings and exhibits, and state court orders;

d.      A list of all parties and their counsel of record; and

e.      Notice of Removal to State Court.

WHEREFORE, Sentinel Insurance Company, Ltd. hereby provides notice that this action is duly removed.

Respectfully submitted,

/s/ Martin R. Sadler
Martin R. Sadler
Texas Bar No. 00788842
msadler@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

ATTORNEY-IN-CHARGE
FOR SENTINEL INSURANCE COMPANY, LTD.

OF COUNSEL:

Rebecca A. Moore
Texas Bar No. 24031701
rmoore@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

5

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above pleading has been forwarded by Electronic service on this the 27th day of October, 2017 to:

Matthew M. Zarghouni
Zar Law Firm
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074


*/s/ Martin R. Sadler*
Martin R. Sadler