Filed
8/31/2017 4:14 PM
Esther Degollado
District Clerk
Webb District
Linda Torres
2017CVH002094D1

**Cause No. _____**

| | | |
|---|---|---|
| **Moises Gonzalez** | § | **In the District Court** |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **vs.** | § | **Webb County, Texas** |
| | § | |
| **Sentinel Insurance Company, Ltd and** | § | |
| **John Doe** | § | |
| | § | |
| | § | |
| *Defendants.* | § | **_____ Judicial District** |

---

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Moises Gonzalez ("Plaintiff"), and files this **Plaintiff's Original Petition** complaining of Sentinel Insurance Company, Ltd and John Doe (or collectively, "Defendants"), and for cause of action, Plaintiff would respectfully show the following:

#### A. DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

#### B. PARTIES

2.      Plaintiff, Moises Gonzalez, is an individual residing in Webb County, Texas at 5714 Cerrito Prieto Ct Laredo, TX 78041.

3.      Defendant, Sentinel Insurance Company, Ltd, is an insurance company doing business in Texas and may be served as follows: CT Corporation System, 1999 Bryan Street, Ste 900, Dallas, TX 75201.

1

4.      Defendant, John Doe is a ficticous name of the adjuster working in the course and scope of employment with Sentinel Insurance Company, Ltd.

## C.  JURISDICTION

5.      The Court has jurisdiction over Sentinel Insurance Company, Ltd because Sentinel Insurance Company, Ltd engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Webb County, Texas, with reference to this specific case.

6.      The Court has jurisdiction over John Doe because John Doe is a resident of the State of Texas who engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of John Doe's business activities in the State of Texas, with reference to this specific case.

## D.  VENUE

7.      Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## E.  CONDITIONS PRECEDENT

8.      All conditions precedent to recovery have been performed, waived, or have occurred.

## F.  AGENCY AND *RESPONDEAT SUPERIOR*

9.      Whenever in this petition it is alleged that Sentinel Insurance Company, Ltd did any act or omission, it is meant that Sentinel Insurance Company, Ltd itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Sentinel Insurance Company, Ltd or done in the normal routine, course, and scope of the agency or employment of Sentinel Insurance Company, Ltd or its agents,

2

officers, servants, employees, or representatives.

## G. FACTS

10.     Plaintiff is a named insured under a property insurance policy—65-SBA-TB0412-DX (the "Policy")—issued by Sentinel Insurance Company, Ltd. The Policy insures, among other things, against losses from storm damage to Plaintiff's property, namely, the real property and improvements located at 5714 Cerrito Prieto Ct Laredo, TX 78041 (the "Property").

11.     On or about 5/21/2017, during the policy period, a storm caused damage to the Property that was covered the Policy. The storm caused extensive damage to the Property including but not limited to damage to the roof, ceilings, and fence.

12.     Shortly after the storm, Plaintiff noticed damage to the Property. Plaintiff contacted Sentinel Insurance Company, Ltd to notify Sentinel Insurance Company, Ltd of the damage.

13.     Plaintiff submitted a claim, CP0017491528, to Sentinel Insurance Company, Ltd against the Policy for all roof damage, water damage, and wind damage the Property sustained as a result of the storm.

14.     Plaintiff asked that Sentinel Insurance Company, Ltd honor its contractual obligations to cover the cost of repairs to the Property.

15.     Sentinel Insurance Company, Ltd assigned John Doe to adjust the claim. Defendants, Sentinel Insurance Company, Ltd and John Doe, conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation. John Doe failed to fully inspect all damage to the Property.

16.     Despite obvious, visible storm damage, John Doe, on his/her own behalf and on behalf of Sentinel Insurance Company, Ltd, verbally misrepresented to Plaintiff at the time of the

3

inspection and thereafter that the Property had minimal storm-related damage. John Doe repeated this misrepresentation, again on his/her own behalf and on behalf of Sentinel Insurance Company, Ltd, in a letter to Plaintiff dated .

    17.    Together, Defendants Sentinel Insurance Company, Ltd and John Doe set out to deny properly-covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

    18.    Defendant Sentinel Insurance Company, Ltd failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed by Plaintiff. Sentinel Insurance Company, Ltd's conduct constitutes a breach of the insurance contract between Sentinel Insurance Company, Ltd and Plaintiff.

    19.    Even though the Property sustained obvious damage caused by a covered occurrence, Defendants misrepresented the scope of damage to the Property and misrepresented the scope of coverage under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

    20.    Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

    21.    Defendants refused to adequately compensate Plaintiff under the terms of the Policy, and they failed to conduct a reasonable investigation of the claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

4

22.     Defendants failed to offer Plaintiff a reasonable explanation for why Plaintiff's claim was denied. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

23.     Defendant, Sentinel Insurance Company, Ltd, failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

24.     Defendant, Sentinel Insurance Company, Ltd, failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25.     Defendant, Sentinel Insurance Company, Ltd, delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for Plaintiff's claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

26.     Since the time Plaintiff's claim was presented to Defendant Sentinel Insurance Company, Ltd, the liability of Sentinel Insurance Company, Ltd to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Sentinel Insurance Company, Ltd has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim.  This conduct is a violation of Sentinel Insurance Company, Ltd's duty of good faith and fair dealing.

27.     Defendants knowingly or recklessly made false representations, as described

above, as to material facts. Alternatively, Defendants knowingly concealed all or part of material information from Plaintiff.

28.     To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of Defendants' actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## H. CAUSES OF ACTION

**I.    BREACH OF CONTRACT** (against Sentinel Insurance Company, Ltd)

29.     Defendant Sentinel Insurance Company, Ltd had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. Sentinel Insurance Company, Ltd breached the terms of that contract by wrongfully denying and/or underpaying the claim, and Plaintiff was damaged thereby.

30.     Defendant Sentinel Insurance Company, Ltd is therefore liable to Plaintiff for breach of contract.

**II.   PROMPT PAYMENT OF CLAIMS STATUTE** (against Sentinel Insurance Company, Ltd)

31.     Plaintiff's claim is a claim under an insurance policy with Defendant Sentinel Insurance Company, Ltd, of which Plaintiff gave Sentinel Insurance Company, Ltd proper notice. Sentinel Insurance Company, Ltd is liable for the claim.

32.     Defendant Sentinel Insurance Company, Ltd violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 et seq., by:

33.     Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Sentinel Insurance Company, Ltd reasonably believed to be required within the time constraints provided by Tex. Ins. Code § 542.055; failing to notify Plaintiff in

6

writing of its acceptance or rejection of the claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or delaying payment of the claim following Sentinel Insurance Company, Ltd's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

34.     Defendant Sentinel Insurance Company, Ltd is therefore liable to Plaintiff for damages. In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorney's fees as set forth in section 542.060 of the Texas Insurance Code.

**III.     UNFAIR SETTLEMENT PRACTICES/BAD FAITH** (against all Defendants)

35.     Each of the foregoing paragraphs is incorporated by reference here fully.

36.     As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**DEFENDANT** Sentinel Insurance Company, Ltd

37.     Defendant Sentinel Insurance Company, Ltd engaged in unfair settlement practices by misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Sentinel Insurance Company, Ltd's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for Sentinel Insurance Company, Ltd's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

38.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Sentinel Insurance Company, Ltd and was a producing cause of Plaintiff's damages.

Sentinel Insurance Company, Ltd is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**DEFENDANT** John Doe

39.     Defendant John Doe was a contractor and/or adjuster assigned by John Doe to assist with adjusting the claim. John Doe was charged with investigating the claim and communicated with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, et seq., and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

40.     John Doe was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

41.     John Doe conducted a substandard, results-oriented inspection of the Property.

42.     As such, John Doe failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as the Policy and Texas law require.

43.     Further, John Doe misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, John Doe failed to provide Plaintiff with a reasonable explanation as to why John Doe did not compensate Plaintiff for the covered losses, or the true value thereof.

44.     Thus, John Doe engaged in unfair settlement practices by: misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Sentinel Insurance Company, Ltd's liability became reasonably clear; failing to promptly provide Plaintiff with a

reasonable explanation of the basis in the Policy in relation to the facts or applicable law for its adjuster's denial of the claim or offer of a compromise settlement of the claim; and/or failing to conduct a reasonable investigation of Plaintiff's claim. Each of the aforementioned unfair settlement practices was committed knowingly by John Doe and was a producing cause of Plaintiff's damages. John Doe is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

## IV.    DTPA VIOLATIONS (against all Defendants)

45.    Each of the foregoing paragraphs is incorporated by reference here fully.

46.    At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

47.    Defendants have violated the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA") in at least the following respects:

48.    Defendants represented that the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed; Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree that also resulted in a gross disparity between the consideration paid in the transaction and the value

received, in violation of Chapter 541 of the Insurance Code; generally engaging in unconscionable courses of action while handling Plaintiff's claim; and/or violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

49.     As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages.  Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

50.     Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**V.    BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING** (against Sentinel Insurance Company, Ltd)

51.     Defendant Sentinel Insurance Company, Ltd breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the claim when Sentinel Insurance Company, Ltd knew or should have known liability was reasonably clear. Sentinel Insurance Company, Ltd's conduct proximately caused Plaintiff's damages.

52.     Defendant Sentinel Insurance Company, Ltd is therefore liable to Plaintiff.

**VI.    ATTORNEY'S FEES**

53.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

54.     Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

55.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary

attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

56.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## I. KNOWLEDGE

57.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## J. DAMAGES

58.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

59.     Due to the mishandling of Plaintiff's claim by Defendants, the damages caused by the 5/21/2017 storm have not been fully addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

60.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

61.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE § 541.152.

62.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims,

11

Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

66. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

64. For fraud, Plaintiff is entitled to recover actual damages, as well as exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65. For the prosecution and collection of this claim, Plaintiff was compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action.

## K.  STATEMENT OF RELIEF AND DAMAGES

66. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees.  A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## L.  RESERVATION OF RIGHTS

12

67.     Plaintiff reserves the right to prove the amount of damages at trial.   Plaintiff reserves the right to amend this petition to add additional counts upon further discovery and as the investigation continues.

### M.  JURY DEMAND

68.     Plaintiff hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas.   Plaintiff hereby tenders the appropriate jury fee.

### N.  REQUEST FOR DISCLOSURE

69.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 194.2.

### O. STIPULATED DAMAGES

70.     Plaintiff, Moises Gonzalez, through its undersigned counsel, stipulates to the following amount of damages and submits this stipulation to the Court for approval.

71.     Plaintiff hereby stipulates that Plaintiff will not accept a judgment that exceeds the sum or value of $75,000, exclusive of interest and costs, nor will Plaintiff amend this petition before or after the one-year removal deadline to seek in excess of $75,000, exclusive of interest and costs, as those terms are used in 28 U.S.C. § 1332(a).

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sum as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, trebled, under the Texas Insurance Code and Texas Deceptive Trade Practices Consumer Protection Act, and all punitive

and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's

fees for the trial and any appeal of this case, for all court costs on Plaintiff's behalf expended, for

pre-judgment and post-judgment interest as allowed by law, and for any other and further relief,

either at law or in equity, to which Plaintiff is justly entitled.


Respectfully submitted,

**ZAR LAW FIRM**

*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Office: (713) 333-5533
Fax: (832) 448-9149
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFF**



A True copy of the original I certify
the 17th day of Oct. 2017
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County Texas
By _____ Deputy



State District Court
49TH Judicial District of Texas
Counties of Webb and Zapata

**Jose A. Lopez**
State District Judge

September 07, 2017

# NOTICE OF CALENDAR CALL

CAUSE NO. <u>2017CVH002094D1</u>

<u>MOISES GONZALEZ</u>
VS
<u>SENTINEL INSURANCE COMPANY LTD; JOHN DOE</u>

Please take notice that this case is set for Calendar Call on <u>11/07/2017</u> at <u>1:30 PM</u> at the 49th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Jose A. Lopez. Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date. This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

<u>Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.</u>

<u>Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.</u>

If there are any questions regarding this matter please feel free to call our office at any time.

Maria Rosario Ramirez
Civil Court Coordinator
49th District Court

---

Webb County • P.O. Box 6655 • Laredo, Texas 78042 • tel. 956.523.4237 • fax 956.523.5051
Zapata County • P.O. Box 789 • Zapata, Texas 78076 • tel. 956.765.9935 • fax 956.765.9789
49th_districtcourt@webbcountytx.gov

DC:

A True copy of the original I certify
the _____ day of _OCT._ 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By _____ Deputy

```
**  Transmit  Confirmation  Report  **

P.1                                                    Sep  6 2017 04:07am
WEBB CO DISTRICT CLERK Fax:956-523-5121
```

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 918324489149 | Fine | 06,04:06am | 0'47" | 1 | O K | |



State District Court
49TH Judicial District of Texas
Counties of Webb and Zapata

**Jose A. Lopez**
State District Judge

September 07, 2017

## NOTICE OF CALENDAR CALL

CAUSE NO. 2017CVH002094D1

MOISES GONZALEZ

VS

SENTINEL INSURANCE COMPANY LTD; JOHN DOE

Please take notice that this case is set for Calendar Call on 11/07/2017 at 1:30 PM at the 49th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Jose A. Lopez.  Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date.  This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Maria Rosario Ramirez
Civil Court Coordinator
49th District Court

Webb County • P.O. Box 6655 • Laredo, Texas 78042 • tel. 956.523.4237 • fax 956.523.5051
Zapata County • P.O. Box 789 • Zapata, Texas 78076 • tel. 956.765.9935 • fax 956.765.9789
49th_districtcourt@webbcountytx.gov

DC:



**RETURN**
2017CVH002094D1

CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:     SENTINEL INSURANCE COMPANY, LTD. (CT CORPORATION SYSTEM)
        1999 BRYAN STREET, STE 900
        DALLAS, TX 75201

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE** 49th District Court of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Original Petition, Jury Demand, and Request for Disclosure of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVH002094D1, styled:

MOISES GONZALEZ, PLAINTIFF
VS.
SENTINEL INSURANCE COMPANY, LTD AND JOHN DOE, DEFENDANTS

Said Plaintiff's Original Petition, Jury Demand, and Request for Disclosure was filed on 08/31/2017 in said court by:

**MATTHEW ZARGHOUNI, ATTORNEY FOR PLAINTIFF**
7322 SOUTHWEST FWY, SUITE 1965
HOUSTON, TX 77074

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 8th day of September, 2017.

CLERK OF COURT

Calendar call set for 11/07/17 at
1:30 pm in the 49th District Court

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
Ana Hernandez

A True copy of the original I certify
the _____ day of _____ 20 __
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By _____ Deputy

2017CVH002094D1

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2017 at _____ O'CLOCK _____.M. Executed at _____, within the COUNTY of _____ at _____ O'CLOCK _____.M. on the _____ day of _____, 2017, by delivering to the within named **SENTINEL INSURANCE COMPANY, LTD**, each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually travelled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB   }**

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES _____

SERVE

2017CVH002094D1

## CITATION

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO:   SENTINEL INSURANCE COMPANY, LTD. (CT CORPORATION SYSTEM)**
**1999 BRYAN STREET, STE 900**
**DALLAS, TX 75201**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE** 49th **District Court** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Original Petition, Jury Demand, and Request for Disclosure of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVH002094D1, styled:

### MOISES GONZALEZ, PLAINTIFF
### VS.
### SENTINEL INSURANCE COMPANY, LTD AND JOHN DOE, DEFENDANTS

Said Plaintiff's Original Petition, Jury Demand, and Request for Disclosure was filed on 08/31/2017 in said court by:
**MATTHEW ZARGHOUNI, ATTORNEY FOR PLAINTIFF**
**7322 SOUTHWEST FWY, SUITE 1965**
**HOUSTON, TX 77074**

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 8th day of September, 2017.

CLERK OF COURT

<u>Calendar call set for 11/07/17 at</u>
<u>1:30 pm in the 49th District Court</u>

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY _____ DEPUTY
Ana Hernandez

**RETURN**

2017CVH002094D1

## CITATION

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO:    JOHN DOE**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE** 49th District Court of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Original Petition, Jury Demand, and Request for Disclosure of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVH002094D1, styled:

**MOISES GONZALEZ, PLAINTIFF**
VS.
**SENTINEL INSURANCE COMPANY, LTD AND JOHN DOE, DEFENDANTS**

Said Plaintiff's Original Petition, Jury Demand, and Request for Disclosure was filed on 08/31/2017 in said court by:
**MATTHEW ZARGHOUNI, ATTORNEY FOR PLAINTIFF**
**7322 SOUTHWEST FWY, SUITE 1965**
**HOUSTON, TX 77074**

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 8th day of September, 2017.

Calendar call set for 11/07/17 at
1:30 pm in the 49th District Court

C L E R K  O F  C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____
Ana Hernandez

A True copy of the original I certify
the _____ day of Oct. 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By: _____ Deputy

2017CVH002094D1

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2017 at _____ O'CLOCK _____.M. Executed at _____, within the COUNTY of _____ at _____ O'CLOCK _____.M. on the _____ day of _____, 2017, by delivering to the within named **JOHN DOE**, each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually travelled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.


_____

SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____

DEPUTY


**THE STATE OF TEXAS }**
**COUNTY OF WEBB    }**

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.


_____

NOTARY PUBLIC

MY COMMISSION EXPIRES _____



SERVE

2017CVH002094D1

CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: JOHN DOE

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49th District Court of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Original Petition, Jury Demand, and Request for Disclosure of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVH002094D1, styled:

MOISES GONZALEZ, PLAINTIFF
VS.
SENTINEL INSURANCE COMPANY, LTD AND JOHN DOE, DEFENDANTS

Said Plaintiff's Original Petition, Jury Demand, and Request for Disclosure was filed on 08/31/2017 in said court by:

MATTHEW ZARGHOUNI, ATTORNEY FOR PLAINTIFF
7322 SOUTHWEST FWY, SUITE 1965
HOUSTON, TX 77074

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 8th day of September, 2017.

CLERK OF COURT

Calendar call set for 11/07/17 at
1:30 pm in the 49th District Court

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
Ana Hernandez

Filed
9/13/2017 3:03 PM
Esther Degollado
District Clerk
Webb District
Maryel Garza
2017CVH002094D1

RETURN

## CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:    SENTINEL INSURANCE COMPANY, LTD. (CT CORPORATION SYSTEM)
       1999 BRYAN STREET, STE 900
       DALLAS, TX 75201

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49th District Court of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Original Petition, Jury Demand, and Request for Disclosure of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVH002094D1, styled:

MOISES GONZALEZ, PLAINTIFF
VS.
SENTINEL INSURANCE COMPANY, LTD AND JOHN DOE, DEFENDANTS

Said Plaintiff's Original Petition, Jury Demand, and Request for Disclosure was filed on 08/31/2017 in said court by:

MATTHEW ZARGHOUNI, ATTORNEY FOR PLAINTIFF
7322 SOUTHWEST FWY, SUITE 1965
HOUSTON, TX 77074

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 8th day of September, 2017.

CLERK OF COURT

Calendar call set for 11/07/17 at
1:30 pm in the 49th District Court

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
Ana Hernandez

A true copy of the original I certify
the 17th day of Oct. 20 17
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By: _____ Deputy

SGO-2017000800

2017CVH002094D1

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 2017 at _____ O'CLOCK _____.M. Executed at _____, within the COUNTY of _____ at _____ O'CLOCK _____.M. on the _____ day of _____, 2017, by delivering to the within named **SENTINEL INSURANCE COMPANY, LTD,** each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually travelled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation $ **AFFIDAVIT OF SERVICE ATTACHED**

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____

DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB    }**

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES _____

.

## AFFIDAVIT OF SERVICE

State of Texas                          County of Webb                          49th Judicial District Court

Case Number: 2017CVH002094D1

Plaintiff:
**Moises Gonzalez**

vs.

Defendant:
**Sentinel Insurance Company, Ltd. and John Doe**

For:
Matthew Zarghouni
Zar Law Firm
7322 Southwest Freeway
Suite 1965
Houston, TX 77074

Received by Amado Santiago on the 13th day of September, 2017 at 8:00 am to be served on **Sentinel Insurance Company**.

I, Amado Santiago, being duly sworn, depose and say that on the **13th day of September, 2017 at 10:35 am, I**:

served a **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiff's Original Petition, Jury Demand, and Request for Disclosure** with the date and hour of service endorsed thereon by me, to: **Laura Perez CT Corporation System** as **Registered Agent** at the address of: **1999 Bryan Street, Suite 900, Dallas, TX 75201** on behalf of **Sentinel Insurance Company**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am authorized to serve pursuant to Rule 103 of the Texas Rules of Civil Procedure and the Supreme Court of Texas Order.

Before me, a notary public, on this day personally appeared the above named person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his/her personal knowledge and experience to be true and correct. Given under my mand and seal of office on the 13th day of September, 2017 .

NOTARY PUBLIC

**Amado Santiago**
SCH# 10256, Exp. 4/30/19

**Santiago Legal Services**
**P.O. Box 1505**
**Wylie, TX 75098**
**(972) 497-2122**

Our Job Serial Number: SGO-2017000800
Ref: Gonzalez v. Sentinel Insurance

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2g

WENDY MARIE SANTIAGO
Notary Public, State of Texas
Comm. Expires 08-05-2021
Notary ID 7076870

Filed
10/9/2017 4:02 PM
Esther Degollado
District Clerk
Webb District
Michelle Garza
2017CVH002094D1

Cause No. 2017CVH002094D1

| | | |
|---|---|---|
| MOISES GONZALEZ | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 49TH JUDICIAL DISTRICT |
| | § | |
| SENTINEL INSURANCE COMPANY, LTD. | § | |
| AND JOHN DOE | § | WEBB COUNTY, TEXAS |

### SENTINEL INSURANCE COMPANY, LTD'S ORIGINAL ANSWER, VERIFIED DENIAL AND PLEA IN ABATEMENT, SPECIAL EXCEPTIONS AND AFFIRMATIVE DEFENSES

Defendant, Sentinel Insurance Company, Ltd. ("Sentinel") files this Original Answer, Verified Denial and Plea in Abatement, Special Exceptions and Affirmative Defenses pursuant to Texas Rules of Civil Procedure 91, 92, 93 and 94. In support of this Answer, Sentinel shows the following:

### I.
### GENERAL DENIAL

Pursuant to Tex. R. Civ. P. 92, Sentinel generally denies the material allegations contained in Plaintiff's Original Petition (the "Petition"), including any supplemental or amended petition, and demands strict proof by a preponderance of the evidence, or other applicable legal standard, on all of Plaintiff's allegations, if Plaintiff can do so.

### II.
### VERIFIED DENIAL AND PLEA IN ABATEMENT

As permitted by Rule 93 of the Texas Rules of Civil Procedure, Sentinel specifically denies that Plaintiff, Moises Gonzalez, 1) has standing to sue, and 2) is entitled to recover in the capacity in which he has sued. Sentinel asks the Court to abate these proceedings as Plaintiff lacks standing to sue and is not entitled to recover in the capacity in which he has sued. Specifically, Plaintiff did not enter into a contract of insurance with Sentinel. Sentinel issued the applicable insurance policy

to Kamerinas Enterprises, Inc.  A copy of the insurance policy is attached as Exhibit A to the Verification of Martin R. Sadler filed in connection with this Verified Denial and Plea in Abatement.  Plaintiff has no foundation on which to base any alleged right to recover on his contractual or extra-contractual claims against Sentinel.

For these reasons, Sentinel asks the Court to set its plea in abatement for hearing and, after the hearing, grant Sentinel's plea in abatement, order Plaintiff to cure the pleading defect, and, if Plaintiff fails to cure the defect, strike Plaintiff's Petition.

### III.
### IMPROPER PARTY

Plaintiff Moises Gonzalez is an improper party to this lawsuit.  Plaintiff is not a party to any insurance contract with Sentinel.  Plaintiff lacks standing to bring this suit against Sentinel. As a result, none of Plaintiff's claims against Sentinel have any basis in law or fact.  Sentinel is entitled to all relief provided by Texas Rule of Civil Procedure 91a, including dismissal from this suit and recovery of costs and attorney fees.

Sentinel files the remainder of this Answer subject to the determination of whether Plaintiff Moises Gonzalez is a proper party to this lawsuit.

### III.
### SPECIAL EXCEPTIONS

### FIRST SPECIAL EXCEPTION
### Plaintiff's Breach of Contract Claim

Sentinel specially excepts to the breach of contract cause of action in the Petition, in which Plaintiff vaguely and generally alleges that Sentinel breached the insurance contract.  This vague and indefinite breach of contract claim fails to provide: (1) fair notice of the elements and facts of the loss allegedly sustained by Plaintiff; (2) fair notice of facts showing Plaintiff's alleged loss was

covered by the insurance contract at issue; or (3) fair notice of the acts or omissions by Sentinel that amount to a breach of the contract, if any, to Plaintiff.[1]

The basic elements of a cause of action for breach of contract are: (1) there is a valid enforceable contract; (2) plaintiff performed its contractual obligations; (3) defendant committed a material breach of the contract; and (4) defendant's breach caused the injury for which plaintiff seeks damages.  Plaintiff should be required to amend the breach of contract claim and state with particularity: (1) the facts and elements supporting its alleged loss; (2) the facts demonstrating the portion of the losses covered by the contract of insurance in question; (3) the acts or omissions by Sentinel that allegedly amounted to a breach of the contract, if any; and (4) the maximum damages sought by Plaintiff for the alleged breach.

**SECOND SPECIAL EXCEPTION**
**Plaintiff's Claim for Breach of Duty of Good Faith and Fair Dealing**

Sentinel specially excepts to Plaintiff's claim for breach of the duty of good faith and fair dealing, to the extent such claim is made in the Petition, because Plaintiff failed to plead all of the elements of this cause of action.  The elements for common law bad faith claims are: (1) there was an insurance contract between the plaintiff (insured) and the defendant (insurer) that created a duty of good faith and fair dealing; and (2) defendant breached its duty when it:

    a.     denied or delayed payment when liability was reasonably clear, or

    b.     canceled an insurance policy without a reasonable basis; and

    c.     defendant's breach was the proximate cause of plaintiff's damages.[2]

---

[1] *Subia v. Texas Dept. Of Human Serv.*, 750 S.W.2d 827, 829 (Tex. App. B El Paso 1988, no writ) (trial court can order the Plaintiff to specifically plead a cause of action which is originally pled in general terms).

[2] *See State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998); *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997) (elements 1-2); *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 284 (Tex. 1994) (elements 1-2); *Arnold v. National Cty. Mut. Fire Ins. Co.*, 725 S.W. 2d 164, 167 *(Tex. 1987); *See also Aranda v. Insurance Co. of N. Am.*, 748 S.W. 2d 210, 212-12 (Tex. 1988).

Plaintiff failed to give Sentinel fair notice of the elements, facts, and circumstances supporting the bad faith claims. Plaintiff should be required to file an amended pleading that sets forth the elements, facts, and evidence in support of Plaintiff's claim for breach of the duty of good faith and fair dealing, and all related damages.[3]

### THIRD SPECIAL EXCEPTION
### Plaintiff's Claims for Noncompliance with Texas Insurance Code
### and Texas Deceptive Trade Practices Act

Sentinel specially excepts to the causes of action in the Petition for noncompliance with the Texas Insurance Code, because Plaintiff's claims regarding any alleged Insurance Code violations are deficient. The elements for a cause of action for violation of Chapter 541 of the Texas Insurance Code are: (1) Plaintiff is a "person" as defined by Texas Insurance Code Section 541.002(2); (2) Sentinel's acts or practices violated a section of the Insurance Code, violated section 17.46(b) of the Texas Business and Commerce Code, or a tie-in provision of the Business & Commerce Code; and (3) Sentinel's alleged acts or practices were a producing cause of actual damage to Plaintiff.[4] Plaintiff fails to give fair notice of the facts and circumstances supporting the alleged violation(s) of Section 541 of the Texas Insurance Code. Plaintiff should be required to file an amended pleading that sets forth facts supporting the claim for Sentinel's alleged violations of Section 541 of the Texas Insurance Code, and any resulting damages.

---

[3] *See Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983) (special exceptions are the proper vehicles to question the legal sufficiency of a cause of action in Plaintiff=s petition); *Mosely v. Hernandez*, 797 S.W.2d 240, 242 (Tex. App. B Corpus Christi 1990, no writ); and *Spencer v. City of Seagoville*, 700 S.W.2d 953, 957 (Tex. App. B Dallas 1985, no writ) (if the plaintiff does not plead all of the elements of its causes of action, a Defendant may file special exceptions to require plaintiff to plead specifically).

[4] TEX. INS. CODE Art. 21.21, section 2(a), 16; TEX. BUS. & COM. Code section 17.46(b); *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 383 (Tex. 1999); *Celtic Life Ins. Co. v. Coats*, 885 S.W.2d 96, 99 (Tex. 1994); *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 147 (Tex. 1994).

Plaintiff's vague and indefinite claims regarding alleged violations of Section 542 of the Texas Insurance Code are also deficient.[5]   Plaintiff fails to give fair notice of the facts and circumstances supporting the alleged violation(s) of Section 542 of the Texas Insurance Code. Plaintiff should be required to file an amended pleading that sets forth facts supporting the claim for Sentinel's alleged violations of Section 542 of the Texas Insurance Code (the Prompt Payment Statute), and any resulting damages.

Plaintiff generally alleges that Sentinel violated subparts of the Texas Insurance Code, but fails to assert any facts predicating these claims.  Plaintiff should be required to file an amended pleading that sets forth the elements, facts, and evidence in support of the Insurance Code violation claims, and all resulting damages.

Plaintiff's vague and indefinite claims regarding alleged violations of the Deceptive Trade Practices Act (DTPA) are also deficient.  Plaintiff fails to give fair notice of the facts and circumstances supporting the alleged violation(s) of the DTPA.  Plaintiff should be required to file an amended pleading that sets forth facts supporting the claim for Sentinel's alleged violations of the DTPA, and any resulting damages.

## FOURTH SPECIAL EXCEPTION
### Plaintiff's Claim for Punitive or Exemplary Damages

Sentinel specially excepts to the causes of action and the allegations contained in the Petition through which Plaintiff seeks an award of punitive or exemplary damages.  Plaintiff fails to give Sentinel fair notice of what conduct allegedly entitles him to a punitive or exemplary

---

[5] *Subia v. Texas Dept. of Human Services*, 750 S.W.2d 827, 829 (Tex. App. – El Paso, 1988, no writ) (allegations solely tracking statutory grounds did not give Defendant fair notice of facts and circumstances.

damage award. Plaintiff should be required to re-plead and state with particularity the elements, facts, and evidence warranting imposition of punitive or exemplary damages.[6]

### FIFTH SPECIAL EXCEPTION
#### Plaintiff's Claims for Knowing and/or Intentional Conduct

Sentinel specially excepts to the allegations in the Petition, asserting that Sentinel acted knowingly or intentionally, as those terms are used in the Texas Insurance Code and DTPA, because no facts were provided to give fair notice of these claims. Sentinel requests that Plaintiff be required to file an amended pleading that sets forth each element and supporting facts for his claims of knowing or intentional conduct.

### SIXTH SPECIAL EXCEPTION
#### Failure to Perform Conditions Precedent

To the extent a policy exists that provides coverage to Plaintiff, Plaintiff's claims are barred in whole or in part because Plaintiff has failed to comply with all conditions precedent to any right to recover under the insurance policy. Specifically, Plaintiff has failed to prove that the alleged loss was a covered loss, or has failed to segregate that portion of the loss that Plaintiff claims is covered from the portion of the loss for which there is no coverage.

Plaintiff also failed to provide Sentinel with written notice 60 days before the date the lawsuit was filed as required by Section 541.154 of the Texas Insurance Code and 17.505 of the Texas Deceptive Trade Practices Act. Plaintiff also failed to provide Sentinel with written notice 30 days before the date the lawsuit was filed as required by Section 38.002 of the Texas Civil Practice and Remedies Code. As such Plaintiff is not entitled to attorneys' fees pursuant to the Texas Civil Practices and Remedies Code or the Texas Insurance Code and DTPA.

---

[6] *See Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex. 1981) (in a suit to recover exemplary damages Plaintiffs must sufficiently allege allegations of misconduct warranting imposition of same).

**IV.**
**DEFENSES**

**FIRST DEFENSE**
**Failure to State a Claim**

Plaintiff's claims are barred in whole or in part, because the Petition fails to state a claim

on which relief can be granted.  Plaintiff fails to describe how Sentinel's alleged breach of the

insurance contract could be converted to support any other causes of action including but not

limited to, breach of the duty of good faith and fair dealing or a violation under the Texas Insurance

Code or DTPA.

**SECOND DEFENSE**
**Policy Provisions Limit or Preclude Coverage**

The insurance policy issued by Sentinel contains exclusions, limitations, and endorsements

that preclude or limit coverage in whole or in part.

**INSURER:**     SENTINEL INSURANCE COMPANY, LTD.

**Policy Number:**     65 SBA TB0306

**SPECTRUM POLICY DECLARATIONS**

| **Named Insured and Mailing Address:** | Kamerinas Enterprises, Inc.<br>5714 Cerrito Prieto Ct.<br>Laredo, Texas 78041 |
|---|---|

**Policy Period:**     **From**  06/16/16     **To**     06/16/17

\* \* \* \*

**Location:** 001     **Building:**     001

5714 Cerrito Prieto Ct.
Laredo, Texas 78041

**Description of Business:**
Building Owners – Lessors Risk Only – Retail Occupancy
**Deductible:**   $1,000 PER OCCURRENCE

**BUILDING AND BUSINESS PERSONAL PROPERTY   LIMITS OF INSURANCE**

    **BUILDING**

        **REPLACEMENT COST**        $1,568,400

    **BUSINESS PERSONAL PROPERTY**

        **REPLACEMENT COST**        NO COVERAGE

    **PERSONAL PROPERTY OF OTHERS**

        **REPLACEMENT COST**        NO COVERAGE

* * * *

        **Location:** 001    **Building:**    002

5714 Cerrito Prieto Ct.
Laredo, Texas 78041

**Description of Business:**
Building Owners – Lessors Risk Only – Retail Occupancy
**Deductible:**  $1,000 PER OCCURRENCE

**BUILDING AND BUSINESS PERSONAL PROPERTY   LIMITS OF INSURANCE**

    **BUILDING**

        **REPLACEMENT COST**        $65,400

    **BUSINESS PERSONAL PROPERTY**

        **REPLACEMENT COST**        NO COVERAGE

    **PERSONAL PROPERTY OF OTHERS**

        **REPLACEMENT COST**        NO COVERAGE

* * * *

**Location:** 001   **Building:**   003

5714 Cerrito Prieto Ct.
Laredo, Texas 78041

**Description of Business:**
Building Owners – Lessors Risk Only – Retail Occupancy
**Deductible:**   $1,000 PER OCCURRENCE

**BUILDING AND BUSINESS PERSONAL PROPERTY   LIMITS OF INSURANCE**

> **BUILDING**
>
> > **REPLACEMENT COST**                    $32,700
>
> **BUSINESS PERSONAL PROPERTY**
>
> > **REPLACEMENT COST**                    NO COVERAGE
>
> **PERSONAL PROPERTY OF OTHERS**
>
> > **REPLACEMENT COST**                    NO COVERAGE

\* \* \* \*

---

## SPECIAL PROPERTY COVERAGE FORM

---

### A. COVERAGE

We will pay for direct physical loss of or physical damage to Covered Property at the premises described in the Declarations (also called "scheduled premises" in this policy) caused by or resulting from a Covered Cause of Loss.

1. **Covered Property**

   Covered property as used in this policy, means the following types of property for which a Limit of Insurance is shown in the Declarations:

   a. **Buildings**, meaning only building(s) and structure(s) described in the Declarations, including:

      (1) Completed additions;

      (2) Permanently installed:

         (a) Fixtures;

(b) Machinery; and

(c) Equipment;

(3) Outdoor fixtures;

\* \* \* \*

(5) Building Glass, meaning glass that is part of a building or structure;

\* \* \* \*

3.  **Covered Causes of Loss**

RISKS OF DIRECT PHYSICAL LOSS unless the loss is:

a.  Excluded in Section **B., EXCLUSIONS;** or
b.  Limited in Paragraph **A.4.** Limitations; that follow.

4.  **Limitations**

**a.**  We will not pay for direct loss of or damage to:

\* \* \* \*

(3) The interior of any building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

(a) The building or structure first sustains physical damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters;

\* \* \* \*

B.  **EXCLUSIONS**

\* \* \* \*

2.  We will not pay for physical loss or physical damage caused by or resulting from:

\* \* \* \*

c.  **Miscellaneous Types of Loss**:

(1)  Wear and tear;

(2)  Rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

\* \* \* \*

But if physical loss or physical damage by the "specified causes of loss," building glass breakage or Equipment Breakdown Accident results, we will pay for that resulting physical loss or physical damage.

\* \* \* \*

**3.**   We will not pay for loss or damage caused by or resulting from any of the following. But if physical loss or physical damage by a Covered Cause of Loss results, we will pay for that resulting physical loss or physical damage.

    a.   **Weather Conditions:**   weather conditions.   This exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above to produce the physical loss or physical damage.

\* \* \* \*

    c.   **Negligent Work**: faulty, inadequate or defective:

\* \* \* \*

      **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

      **(3)** Materials used in repair, construction, renovation or remodeling; or

      **(4)** Maintenance of part or all of any property on or off the "scheduled premises."

**D.**   **DEDUCTIBLES**

**1.**   We will not pay for physical loss or physical damage in any one occurrence until the amount of physical loss or physical damage exceeds the Deductible shown in the Declarations.  We will then pay the amount of loss or damage in excess of the Deductible up to the applicable Limit of Insurance.

\* \* \* \*

**E.    PROPERTY LOSS CONDITIONS**

*(as amended by endorsement SS 10 11 10 15 Texas Changes)*

\* \* \* \*

**B.    PROPERTY LOSS CONDITIONS**

　　**1.**　　Paragraph **E.2. Appraisal** Property Loss Condition is deleted and replaced by the following:

　　　　**Appraisal**

　　　　**a.**　　If we and you disagree on the amount of loss (or net income or operating expense, as regards Business Income Coverage), either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state separately the amount of loss. If they fail to agree, they will submit their difference to the umpire. A decision agreed to by any two will be binding as to the amount of loss. Each party will:

　　　　　　**1.**　　Pay its chosen appraiser; and
　　　　　　**2.**　　Bear the other expenses of the appraisal and umpire equally.

　　　　**b.**　　If there is an appraisal:

　　　　　　**(1)**　　You will still retain your right to bring a legal action against us, subject to the provisions of the **Legal Action Against Us Loss Condition**; and
　　　　　　**(2)**　　We will still retain our right to deny the claim.

\* \* \* \*

*(as modified by endorsement SS 10 11 10 15 Texas Changes):*

### B.  PROPERTY LOSS CONDITIONS

**3.**  Paragraph **E.4. Legal Action Against Us** Property Loss Condition is deleted and replaced by the following

**Legal Action Against Us**

**a.**  Except as provided in paragraph **b.** below, no one may bring legal action against us under this insurance unless:

(1)  There has been full compliance with all of the terms of this policy; and

(2)  The action is brought within 2 years and one day from the date the cause of action first accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

**b.**  With respect to loss or damage in the State of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, no one may bring a legal action against us under this insurance, unless:

(1)  There has been full compliance with all of the terms of this policy; and

(2)  The action is brought within the earlier of the following:

(a)  Two years and one day from the date we accept or reject the claim; or

(b)  Three years and one day from the date of the loss or damage that is the subject of the claim.

\* \* \* \*

*(as provided for by Special Property Coverage Form, SS 00 07 07 05):*

### 5.  Loss Payment

In the event of physical loss or physical damage covered by this policy:

**a.**  At our option we will either:

(1)  Pay the value of physically lost or physically damaged property, as described in paragraph **d.** below;

(2)  Pay the cost of repairing or replacing the lost or damaged property, plus any reduction in value of repaired items;

(3)  Take all or any part of the property at an agreed or appraised value; or

(4)    Repair, rebuild or replace the property with other property of like kind and quality.

* * * *

d.  We will determine the value of Covered Property as follows:

(1)  At replacement cost (without deduction for depreciation), except as provided in (2) through (7) below:

(a)  You may make a claim for physical loss or physical damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis.  In the event you elect to have physical loss or physical damage settled on an actual cash value basis, you may still make a claim on a replacement cost basis if you notify us of your intent to do so within 180 days after the physical loss or physical damage.

(b)  We will not pay on a replacement cost basis for any physical loss or physical damage:

(i)  Until the physically lost or physically damaged property is actually repaired or replaced; and

(ii)  Unless the repairs or replacement are made as soon as reasonably possible after the physical loss or physical damage.

* * * *

(c)  We will not pay more for physical loss or physical damage on a replacement cost basis than the least of:

(i)  The cost to replace, on the same premises, the physically lost or physically damage property with other property of comparable material and quality and which is used for the same purpose; or

(ii)  The amount you actually spend that is necessary to repair or replace the physically lost or physically damaged property.

* * * *

*(as modified by endorsement SS 10 11 12 14 Texas Changes):*

**B.   PROPERTY LOSS CONDIOTIONS**

    **4.**    Paragraph **E.5. Loss Payment** Property Loss Condition is amended as follows:

        **a.**    The provisions pertaining to notice of our intentions and the time period for payment of claims are deleted and replaced by the following:

        **(1)   Claims Handling**

            **(a)**    Within 15 days after we receive written notice of claim, we will:

                **(i)**    Acknowledge receipt of the claim.  If we do not acknowledge receipt of the claim in writing, we will keep a record of the date, method and content of the acknowledgement;
                **(ii)**    Begin any investigation of the claim; and
                **(iii)**    Request a signed, sworn proof of loss, specify the information you must provide and supply you with the necessary forms.  We may request more information at a later date, if during the investigation of the claim such additional information is necessary.

            **(b)**    We will notify you in writing as to whether:

                **(i)**    The claim or part of the claim will be paid;
                **(ii)**    The claim or part of the claim has been denied, and inform you of the reasons for denial;
                **(iii)**    More information is necessary; or
                **(iv)**    We need additional time to reach a decision.

            We will provide notification, as described in **(b)(i)** through **(b)(iv)** above, within:

                **(v)**    15 business days after we receive the signed, sworn proof of loss and all information we requested; or
                **(vi)**    30 days after we receive the signed, sworn proof of loss and all information we requested, if we have reason to believe the loss resulted from arson.

                If we have notified you that we need additional time to reach a decision, we must then either approve or deny the claim within 45 days of such notice.

**(2)   Claims Payment**

We will pay for covered loss or damage within 5 business days after:

**(a)**   We have notified you that payment of the claim will be made and have reached an agreement with you on the amount of loss; or

**(b)**   An appraisal award has been made.

However, if payment of the claim or part of the claim is conditioned on your compliance with any of the terms of this policy, we will make payment within 5 business days after the date you have complied with such terms.

**(3)   Catastrophe Claims**

If a claim results from a weather related catastrophe or a major natural disaster, the claim handling and claim payment deadlines described in **a.(1)** and **a.(2)** above are extended for an additional 15 days.

Catastrophe or Major Natural Disaster means a weather related event which:

**(a)**   Is declared a disaster pursuant to the Texas Disaster Act of 1975; or

**(b)**   Is determined to be a catastrophe by the State Bard of Insurance.

**(4)**   The term "business days" means a day other than Saturday, Sunday or a holiday recognized by the state of Texas.

**b.**   The following is added:

**Liquidated Demand**

Per Texas Insurance Code, Section 862.053, a fire insurance policy, in case of total loss by fire of property insured, shall be held and considered to be a liquidated demand against the Company for the full amount of such policy. This subsection shall not apply to personal property.

\* \* \* \*

* * * *

Sentinel reserves the right to assert other policy defenses as discovery in this case advances.

### THIRD DEFENSE
#### *Bona Fide* Controversy/Liability Not Reasonably Clear

As to Plaintiff's extra-contractual claims, a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits from Sentinel, and Sentinel has the right to value claims differently from those asserting claims under the Policy without facing bad faith liability. Sentinel will show that a *bona fide* controversy existed and continues to exist regarding any alleged further covered loss.

### FOURTH DEFENSE
#### Due Process

To the extent Plaintiff prays for punitive or exemplary damages, Sentinel invokes its rights under the Due Process Clause of the Fifth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution. Sentinel affirmatively pleads that Plaintiff's claim for punitive or exemplary damages violates the Due Process Clauses of the Fifth and Fourteenth Amendments inasmuch as:

1. Punitive or exemplary damages can be assessed in an amount left to the discretion of the jury and judge;

2. A jury award of punitive or exemplary damages need only be based on the vote of ten jurors and does not require a unanimous verdict;

3. To obtain an award of punitive or exemplary awards, Plaintiff need only prove the theory of gross negligence on a clear and convincing evidence standard and not beyond a reasonable doubt as should be required when punishment awards are assessed;

4. Sentinel and its officers, all of whom are subject to any award, do not have the right to refuse to testify against themselves, but must in fact take the stand or give deposition testimony or subject the company to the consequences of a default judgment;

5. The assessment of punitive or exemplary damages is not based on a clearly defined statutory enactment setting forth a specific intentionality requirement or the specific prerequisites of such a finding and in effect, such damages can be awarded even though there are no special standards, limits or other statutory requirements to define the means, scope and limit of such awards, rendering such awards unduly vague and unsupportable under the requirements of due process; and

6. In essence, Sentinel is subject to all of the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal criminal fines, but Sentinel receives none of the basic rights accorded to criminal defendants when they are subjected to possible criminal penalties.

## FIFTH DEFENSE
### Equal Protection

To the extent Plaintiff prays for punitive or exemplary damages, such request should be denied because it violates Sentinel's equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, the provisions of the Eighth Amendment to the Constitution of the United States, and the Constitution of the State of Texas, Article I, Sections 13 and 19.

## SIXTH DEFENSE
### Punitive Damage Limitation

Any award of punitive or exemplary damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §§ 41.002-41.009.

## SEVENTH DEFENSE
### Damage Limitation

Plaintiff's damages, if any, are limited by the amounts set forth in the limitation provisions of the Policy. Plaintiff's contract damages cannot exceed the applicable policy limits. In addition, Plaintiff's damages cannot exceed any stipulated damage limitation or damages requested in the Complaint.

## EIGHTH DEFENSE
### Reliance on Case Law

Sentinel reasonably relied on case law from the state and federal courts of Texas, which supports Sentinel's interpretation of the Policy as it relates to Plaintiff's claims.

## NINTH DEFENSE
### Failure to Satisfy Conditions Precedent

Plaintiff did not plead with specificity, the performance or occurrence of all conditions precedent.[7] Sentinel demands strict proof that each and every condition precedent was performed or has occurred.[8] To the extent a policy exists that provides coverage to Plaintiff, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with all conditions precedent to any right to recover under the insurance policy. Specifically, Plaintiff has failed to prove that the alleged loss was a covered loss, and Plaintiff has failed to segregate the portion of the alleged loss that it claims is covered from the portion of the alleged loss that is not covered.

---

[7] *See* TEX. R. CIV. P. 54.
[8] *See Grimm v. Grimm,* 864 S.W.2d 160, 162 (Tex. App.—Houston [14th Dist.] 1993, no writ).

## TENTH DEFENSE
### Failure to Provide Pre-Suit Notice

Plaintiff failed to provide Sentinel with the required written notice 30 days before the date the lawsuit was filed as required by Section 38.002 of the Texas Civil Practice and Remedies Code. Consequently, Plaintiff is not entitled to attorneys' fees as pled pursuant to the Texas Civil Practices and Remedies Code.  Because Plaintiff failed to provide the statutory pre-litigation notice, Plaintiff is precluded from recovering attorneys' fees and expenses in this matter.

Plaintiff also failed to provide Sentinel with written notice 60 days before the date the lawsuit was filed as required by the Section 541.154 of the Texas Insurance Code and 17.505 of the Texas Deceptive Trade Practices Act.  Consequently, Plaintiff is not entitled to attorneys' fees as pled pursuant to the Texas Insurance Code and DTPA.  Because Plaintiff failed to provide the statutory pre-litigation demand, Plaintiff is precluded from recovering attorneys' fees and expenses in this matter.

## ELEVENTH DEFENSE
### Reservation of Right to Appraisal

To the extent that Plaintiff presents evidence inconsistent with Sentinel's investigation and conclusions regarding the amount of loss or cost of repair under the Policy, and the parties are unable to reach an agreement to resolve this matter, Sentinel reserves and does not waive, the right of either party to the insurance contact to invoke appraisal. The Policy contains an appraisal clause allowing either party to the insurance contract to invoke the appraisal process in the event that there is a disagreement concerning the amount of loss for covered losses under the Policy.

WHEREFORE, Sentinel Insurance Company, Ltd. prays that on final trial and hearing, Plaintiff take nothing and that Sentinel recover its costs, fees and expenses, and for such other and further relief to which Sentinel may show itself justly entitled, whether at law or in equity.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK, RANKIN AND HUBBARD,
A LAW CORPORATION

*/s/ Martin R. Sadler*
Martin R. Sadler
Texas Bar No. 00788842
msadler@lawla.com
Rebecca A. Moore
Texas Bar No. 24031701
rmoore@lawla.com
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

ATTORNEYS FOR DEFENDANT
SENTINEL INSURANCE COMPANY, LTD.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded via electronic filing and/or facsimile to all counsel of record, on this 9th day of October, 2017 to:

Mr. Matthew Zarghouni
Zar Law Firm
7322 Southwest Freeway, Suite 1965
Houston, Texas 77074

*/s/Martin R. Sadler*
Martin R. Sadler

A true copy of the original I certify
the 17th day of OCT 20 17
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County Texas
By _____ Deputy

Filed
10/12/2017 4:15 PM
Esther Degollado
District Clerk
Webb District
Maryel Garza
2017CVH002094D1

**CAUSE NO. 2017CVH002094D1**

| | | |
|---|---|---|
| KAMERINAS ENTERPRISES, INC. | § | **IN THE DISTRICT COURT** |
| AND MOISES GONZALEZ | § | |
| | § | |
| | § | |
| *PLAINTIFFS,* | § | |
| | § | |
| | § | **WEBB COUNTY, TEXAS** |
| VS. | § | |
| | § | |
| SENTINEL INSURANCE COMPANY, | § | |
| LTD | § | |
| | § | |
| *DEFENDANT.* | § | **49TH JUDICIAL DISTRICT** |

---

### PLAINTIFFS' FIRST AMENDED PETITION AND JURY DEMAND

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Kamerinas Enterprises, Inc. ("Plaintiff") and its president Moises

Gonzalez ("Mr. Gonzalez") (collectively "Plaintiffs") and file this **Plaintiffs' First Amended**

**Petition** complaining of Sentinel Insurance Company, Ltd ("Defendant"), and for cause of action,

Plaintiffs would respectfully show the following:

#### A. DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery under Level 2 of Texas Rule of Civil

Procedure 190.3.

#### B. PARTIES

2.      Plaintiff Kamerinas Enterprises, Inc. was in Texas with its principal place of

business located at 5714 Cerrito Prieto, Laredo, TX 78041 during the policy period. Kamerinas

Enterprises, Inc. is forfeited under Section 171.255 of Texas Tax Code. Pursuant to the Section

11.356 of Texas Business Organizations Code, notwithstanding the termination of a domestic

filing entity, the terminated filing entity continues in existence until the third anniversary of the

1

effective date of the entity's termination only for purposes of prosecuting or defending in the terminated filing entity's name an action or proceeding brought by or against the terminated entity.

3.      Plaintiff Moises Gonzalez, is an individual residing in Webb County, Texas. He is the president and owner of Kamerinas Enterprises, Inc. and appears in this case pursuant to Section 11.356 of the Texas Business Organizations Code.

4.      Defendant Sentinel Insurance Company, Ltd is an insurance company doing business in Texas and has appeared and filed its answer.

## C. JURISDICTION

5.      The Court has jurisdiction over Sentinel Insurance Company, Ltd, because Sentinel Insurance Company, Ltd, engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Webb County, Texas, with reference to this specific case.

## D. VENUE

6.      Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## E. CONDITIONS PRECEDENT

7.      All conditions precedent to recovery have been performed, waived, or have occurred. Plaintiff's loss resulted from a storm event, and Plaintiff brought this action within two years of the date Defendant refused to provide coverage under the policy. Plaintiff is not required to separate damages because the alleged damage is not preexisting, and the alleged damage arose from a single event.

2

## F. AGENCY AND *RESPONDEAT SUPERIOR*

8.    Whenever in this petition it is alleged that Sentinel Insurance Company, Ltd, did any act or omission, it is meant that Sentinel Insurance Company, Ltd itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Sentinel Insurance Company, Ltd or done in the normal routine, course, and scope of the agency or employment of Sentinel Insurance Company, Ltd or its agents, officers, servants, employees, or representatives.

## G. FACTS

9.    Plaintiff is a named insured under a property insurance policy—65 SBA TB0306 (the "Policy")—issued by Sentinel Insurance Company, Ltd. The Policy insures, among other things, against losses from storm damage to Plaintiff's property, namely, the real property and improvements located at 5714 Cerrito Prieto Ct Laredo, TX 78041 (the "Property").

10.    In 2017, during the policy period, a storm caused damage to the Property that was covered the Policy. The storm caused extensive damage to the Property including but not limited to damage to the roof and exterior of the Property.

11.    Shortly after the storm, Plaintiffs noticed damage to the Property. Plaintiffs contacted Sentinel Insurance Company, Ltd to notify Sentinel Insurance Company, Ltd of the damage.

12.    Plaintiffs submitted a claim to Sentinel Insurance Company, Ltd against the Policy for all roof damage, water damage, and wind damage the Property sustained as a result of the storm.

13.    Plaintiffs asked that Sentinel Insurance Company, Ltd honor its contractual obligations to cover the cost of repairs to the Property.

3

14.     Sentinel Insurance Company, Ltd assigned an adjuster, Mr. Keith Harris, to adjust the claim. Defendant, Sentinel Insurance Company, Ltd and its adjuster conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation. Mr. Keith Harris failed to fully inspect all damage to the Property.

15.     Despite obvious, visible storm damage, Mr. Keith Harris, on his own behalf and on behalf of Sentinel Insurance Company, Ltd, verbally misrepresented to Plaintiff and Mr. Gonzalez at the time of the inspection and thereafter that the Property had minimal storm-related damage. Mr. Keith Harris repeated this misrepresentation, again on his own behalf and on behalf of Sentinel Insurance Company, Ltd. As of the date of filing of this Amended Petition, Defendant Sentinel Insurance Company, Ltd has refused to provide Plaintiff or its agents in writing or otherwise of its acceptance or rejection of the claim.

16.     Together, Defendant Sentinel Insurance Company, Ltd and said adjuster set out to deny properly-covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff' losses on the Property.

17.     Defendant Sentinel Insurance Company, Ltd failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed by Plaintiff. Sentinel Insurance Company, Ltd's conduct constitutes a breach of the insurance contract between Sentinel Insurance Company, Ltd and Plaintiff.

18.     Even though the Property sustained obvious damage caused by a covered occurrence, Defendant Sentinel Insurance Company, Ltd and said adjuster misrepresented the scope of damage to the Property and misrepresented the scope of coverage under the Policy.

4

Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

19.     Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

20.     Defendant refused to adequately compensate Plaintiff's claim under the terms of the Policy, and it failed to conduct a reasonable investigation of the claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS.  CODE § 541.060(a)(7).

21.     Defendant failed to offer Plaintiff a reasonable explanation for why Plaintiff's claim was denied. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

22.     Defendant, Sentinel Insurance Company, Ltd, failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

23.     Defendant, Sentinel Insurance Company, Ltd, failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

24.     Defendant, Sentinel Insurance Company, Ltd, delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for Plaintiff's claim.

5

This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

25.     Since the time Plaintiff's claim was presented to Defendant Sentinel Insurance Company, Ltd, the liability of Sentinel Insurance Company, Ltd to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Sentinel Insurance Company, Ltd has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of Sentinel Insurance Company, Ltd's duty of good faith and fair dealing.

26.     Defendant Sentinel Insurance Company and said adjuster knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, Defendant Sentinel Insurance Company and said adjuster knowingly concealed all or part of material information from Plaintiff.

27.     To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of Defendant's actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## H. CAUSES OF ACTION

### I.     BREACH OF CONTRACT

28.     Defendant Sentinel Insurance Company, Ltd had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. Sentinel Insurance Company, Ltd breached the terms of that contract by wrongfully denying and/or underpaying the claim, and Plaintiff was damaged thereby.

29.     Defendant Sentinel Insurance Company, Ltd is therefore liable to Plaintiff for

breach of contract.

## II.   PROMPT PAYMENT OF CLAIMS STATUTE

30.    Plaintiff's claim is a claim under an insurance policy with Defendant Sentinel Insurance Company, Ltd, of which Plaintiff gave Sentinel Insurance Company, Ltd proper notice. Sentinel Insurance Company, Ltd is liable for the claim.

31.    Defendant Sentinel Insurance Company, Ltd violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 et seq., by:

32.    Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Sentinel Insurance Company, Ltd reasonably believed to be required within the time constraints provided by Tex. Ins. Code § 542.055; failing to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or delaying payment of the claim following Sentinel Insurance Company, Ltd's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

33.    Defendant Sentinel Insurance Company, Ltd is therefore liable to Plaintiff for damages. In addition to Plaintiff' claim for damages, Plaintiff is further entitled to 18% interest and attorney's fees as set forth in section 542.060 of the Texas Insurance Code.

## III.   UNFAIR SETTLEMENT PRACTICES/BAD FAITH

34.    Each of the foregoing paragraphs is incorporated by reference here fully.

35.    As explained further herein, Defendant violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**DEFENDANT** Sentinel Insurance Company, Ltd

36.    Defendant Sentinel Insurance Company, Ltd engaged in unfair settlement practices

7

by misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Sentinel Insurance Company, Ltd's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for Sentinel Insurance Company, Ltd's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

37.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Sentinel Insurance Company, Ltd and was a producing cause of Plaintiff' damages. Sentinel Insurance Company, Ltd is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

38.     Mr. Keith Harris was a contractor and/or adjuster assigned by Defendant Sentinel Insurance Company, Ltd to assist with adjusting the claim. Mr. Keith Harris was charged with investigating the claim and communicated with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, et seq., and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

39.     Said adjuster was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

40.     Mr. Keith Harris conducted a substandard, results-oriented inspection of the Property.

8

41.     As such, Mr. Keith Harris failed to discover covered damages and/or fully quantify covered damages to Plaintiff' Property, as the Policy and Texas law require.

42.     Further, Mr. Keith Harris misrepresented material facts to Plaintiff and Mr. Gonzalez, that is, the existence and true value of Plaintiff's covered losses. Additionally, Mr. Keith Harris failed to provide Plaintiff with a reasonable explanation as to why Mr. Keith Harris did not compensate Plaintiff for the covered losses, or the true value thereof.

43.     Thus, Mr. Keith Harris engaged in unfair settlement practices by: misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Sentinel Insurance Company, Ltd's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for its adjuster's denial of the claim or offer of a compromise settlement of the claim; and/or failing to conduct a reasonable investigation of Plaintiff claim. Each of the aforementioned unfair settlement practices was committed knowingly by Mr. Keith Harris and was a and was approved and conducted at the direction of Defendant Sentinel Insurance Company, Ltd, and were the producing cause of Plaintiff's damages. Mr. Keith Harris is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**IV.     DTPA VIOLATIONS**

44.     Each of the foregoing paragraphs is incorporated by reference here fully.

45.     At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendant, and the products and services form the basis of this action.

46.     Defendant Sentinel Insurance Company, Ltd has violated the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA") in at least the following respects:

47.     Defendant Sentinel Insurance Company, Ltd represented that the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; Defendant Sentinel Insurance Company, Ltd represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendant Sentinel Insurance Company, Ltd failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed; Defendant Sentinel Insurance Company, Ltd, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendant Sentinel Insurance Company, Ltd took advantage of Plaintiff' lack of knowledge, ability, experience, and capacity to a grossly unfair degree that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code; generally engaging in unconscionable courses of action while handling Plaintiff' claim; and/or violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

48.     As a result of Defendant Sentinel Insurance Company, Ltd's violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff' damages. Therefore, Defendant Sentinel Insurance Company, Ltd is liable to Plaintiff for violations of the DTPA.

49.     Further, Defendant Sentinel Insurance Company, Ltd knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

## V.   BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

50.     Defendant Sentinel Insurance Company, Ltd breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the claim when Sentinel Insurance Company, Ltd knew or should have known liability was reasonably clear. Sentinel Insurance Company, Ltd's conduct proximately caused Plaintiff's damages.

51.     Defendant Sentinel Insurance Company, Ltd is therefore liable to Plaintiff.

## VI.   ATTORNEY'S FEES

52.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

53.     Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

54.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

55.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

### I. KNOWLEDGE

56.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### J. DAMAGES

57.     Plaintiffs would show that all of the aforementioned acts, taken together or

singularly, constitute the producing causes of the damages sustained by Plaintiffs.

58.     Due to the mishandling of Plaintiff's claim by Defendant, the damages caused by the 2017 storm have not been fully addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff claim in violation of the laws set forth above.

59.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

60.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE § 541.152.

61.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

62.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

63.     For fraud, Plaintiff is entitled to recover actual damages, as well as exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees,

interest, and court costs.

64.     For the prosecution and collection of this claim, Plaintiff was compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff attorney in the preparation and trial of this action.

## K. STATEMENT OF RELIEF AND DAMAGES

65.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## L. RESERVATION OF RIGHTS

66.     Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend this petition to add additional counts upon further discovery and as the investigation continues.

## M. JURY DEMAND

67.     Plaintiff hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Webb County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sum as would reasonably and justly compensate Plaintiff in

13

accordance with the rules of law and procedure, as to actual damages, trebled, under the Texas

Insurance Code and Texas Deceptive Trade Practices Consumer Protection Act, and all punitive

and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's

fees for the trial and any appeal of this case, for all court costs on Plaintiff's behalf expended, for

pre-judgment and post-judgment interest as allowed by law, and for any other and further relief,

either at law or in equity, to which Plaintiff is justly entitled.


Respectfully submitted,

**ZAR LAW FIRM**

*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Office: (713) 333-5533
Fax: (832) 448-9149
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFFS**

A true copy of the original. I certify
the _7th_ day of _Oct_ 20_17_
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County Texas
By _Maryel george_ Deputy

14

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record on the October 12, 2017, pursuant to the Texas Rules of Civil Procedure:

### *Via E-Service*

Martin R. Sadler
msadler@lawla.com
Rebecca A. Moore
rmoore@lawla.com
801 Travis Street, Suite 1800
Houston, Texas 77002

                                        /s/*Matthew Zarghouni*
                                        Matthew Zarghouni

15

## CIVIL PROCESS REQUEST FORM

Filed
10/12/2017 4:15 PM
Esther Degollado
District Clerk
Webb District
Marvel Garza
2017CVH002094D1

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

CASE NUMBER: 2017CVH002094D1          CURRENT COURT: Webb County 49thDistrict

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Citation and Petition

FILE DATE OF MOTION:                    10      12      2017
                                     Month/   Day/    Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME: Sentinel Insurance Company, Ltd.

ADDRESS: 1999 Bryan Street, Ste 900, Dallas, TX  75201

AGENT, (if applicable): CT Corporation System

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type):

SERVICE BY (check one):
- [ ] ATTORNEY PICK-UP          [ ] CONSTABLE
- [x] CIVIL PROCESS SERVER - Authorized Person to Pick-up: Santiago Legal Servicing    Phone: (972) 497-2122
- [ ] MAIL                      [ ] CERTIFIED MAIL
- [ ] PUBLICATION:
  Type of Publication:    [ ] COURTHOUSE DOOR,  or
                          [ ] NEWSPAPER OF YOUR CHOICE: _____
- [ ] OTHER, explain _____

### ATTENTION: Effective June 1, 2010

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thanks you,**

*********************************************************************************************

2.  NAME:

ADDRESS:

AGENT, (if applicable):

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type):

SERVICE BY (check one):
- [ ] ATTORNEY PICK-UP          [ ] CONSTABLE
- [x] CIVIL PROCESS SERVER -  Authorized Person to Pick-up: Santiago Legal Servicing    Phone: (972) 497-2122
- [ ] MAIL                      [ ] CERTIFIED MAIL
- [ ] PUBLICATION:
  Type of Publication:    [ ] COURTHOUSE DOOR,  or
                          [ ] NEWSPAPER OF YOUR CHOICE: _____
- [ ] OTHER, explain _____

### ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: Matthew Zarghouni          TEXAS BAR NO./ID NO. __24086085__

MAILING ADDRESS: 7322 Southwest Freeway, Ste 1965, Houston, TX  77074

PHONE NUMBER: 346    980-6600    FAX NUMBER: 832    448-9149
              area code   phone number              area code   fax number

EMAIL ADDRESS: matt@zar-law.com

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                    Rev. 5/7/10

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

\_\_ \_\_  ORIGINAL PETITION
\_X\_\_  AMENDED PETITION
_____  SUPPLEMENTAL PETITION

COUNTERCLAIM
_____  AMENDED COUNTERCLAIM
_____  SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____  AMENDED CROSS-ACTION
_____  SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____  AMENDED THIRD-PARTY PETITION
_____  SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____  AMENDED INTERVENTION
_____  SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____  AMENDED INTERPLEADER
_____  SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:

ORDER TO: _____
                        (specify)

MOTION TO: _____
                        (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

A True copy of the original  I certify
the _____ day of Oct. 20\_\_
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By _____ Deputy

Page 2 of 2

Filed
10/12/2017 4:15 PM
Esther Degollado
District Clerk
Webb District
Maryel Garza
2017CVH002094D1

# ZAR LAW FIRM

PROFESSIONAL LIMITED LIABILITY COMPANY

7322 SOUTHWEST FWY, SUITE 1965
HOUSTON, TEXAS 77074
WWW.ZAR-LAW.COM
P: (713) 333-5533
F: (832) 448-9149

10/11/2017

Martin Sadler
**LUGENBUHL, WHEATON, PECK, RANKIN AND HUBBARD,**
A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
msadler@lawla.com

Re:   Cause No. 2017CVH002094D1; *Moises Gonzalez v. Sentinel Insurance Company, Ltd. and John Doe*; In the 49th Judicial District of Webb County, Texas

Dear Mr. Sadler,

This letter is to confirm our agreement wherein Sentinel Insurance Company, Ltd. ("Sentinel") agreed to allow Mr. Moises Gonzalez ("Plaintiff") to withdraw his "Stipulated Damages" included in Plaintiff's Original Petition, wherein it was stipulated that Mr. Moises Gonzalez shall not accept any judgement in excess of $75,000, exclusive of interest and costs.

Additionally, Sentinel will not seek to enforce the withdrawn "Stipulated Damages," Plaintiff will file an amended petition, and Plaintiff will not oppose Sentinel's removal of the above-numbered and styled cause to federal court. Please place your signature where indicated below and send a copy back to my office if you are in agreement. Please be advised that this correspondence will be filed as a Rule 11 Agreement. Thank you for your consideration in this matter.

Sincerely,

*/s/Matthew Zarghouni*
Matthew Zarghouni
**Counsel for Plaintiff**

AGREED: _____   DATE: October 11, 2017
Martin Sadler – Counsel for Sentinel

A True copy of the original I certify
the _____ day of OCT 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By _____ Deputy

**RETURN**
2017CVH002094D1

**CITATION**

THE STATE OF TEXAS
COUNTY OF WEBB

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  SENTINEL INSURANCE COMPANY LTD
     Attn BY SERVING CT CORPORATION SYSTEM
     1999 BRYAN STREET STE 900
     DALLAS TX  75201

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49th District Court** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Plaintiff's First Amended Petition and Jury Demand at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVH002094D1, styled:
                    **MOISES GONZALEZ, PLAINTIFF**
                                   **VS.**
     **SENTINEL INSURANCE COMPANY LTD; JOHN DOE, DEFENDANT(S)**
Said Plaintiff's First Amended Petition and Jury Demand was filed on 10/12/2017 in said court by:
     **MATTHEW ZARGHOUNI, ATTORNEY FOR PLAINTIFF**
     **7322 SOUTHWEST FWYSTE 1965**
     **HOUSTON TX  77074**

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 13th day of October, 2017.

                C  L  E  R  K    O  F    C  O  U  R  T

                          ESTHER DEGOLLADO
                          WEBB COUNTY DISTRICT CLERK
                          P.O. BOX 667
                          LAREDO, TX 78042

                    BY: _Maryel Garza_ _____ DEPUTY
                          Maryel Garza

2017CVH002094D1

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 2017 at _____ O'CLOCK _____.M.   Executed   at _____, within the COUNTY of _____ at _____ O'CLOCK _____.M. on the _____ day of _____, 2017, by delivering to the within named **SENTINEL INSURANCE COMPANY LTD**, each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually travelled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB    }**

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES
_____

A True copy of the original I certify
the ____ day of ____ 201__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law Webb County Texas
By _____ Deputy

SERVE
2017CVH002094D1

## CITATION

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO:   SENTINEL INSURANCE COMPANY LTD**
**Attn BY SERVING CT CORPORATION SYSTEM**
**1999 BRYAN STREET STE 900**
**DALLAS TX  75201**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 49th District Court** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Plaintiff's First Amended Petition and Jury Demand at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVH002094D1, styled:

**MOISES GONZALEZ, PLAINTIFF**
**VS.**
**SENTINEL INSURANCE COMPANY LTD; JOHN DOE, DEFENDANT(S)**

Said Plaintiff's First Amended Petition and Jury Demand was filed on 10/12/2017 in said court by:

**MATTHEW ZARGHOUNI, ATTORNEY FOR PLAINTIFF**
**7322 SOUTHWEST FWYSTE 1965**
**HOUSTON TX  77074**

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 13th day of October, 2017.

### C L E R K   O F   C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY _Maryel Garza_ DEPUTY
Maryel Garza

2017CVH002094D1

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 2017 at
_____ O'CLOCK _____.M. Executed at
_____, within the COUNTY of _____
at _____ O'CLOCK _____.M. on the _____ day of
_____, 2017, by delivering to the within named
**SENTINEL INSURANCE COMPANY LTD**, each, in person, a true copy of
this citation together with the accompanying copy of the
petition, having first attached such copy of such petition to
such copy of citation and endorsed on such copy of citation the
date of delivery.

The distance actually travelled by me in serving such process
was _____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB     }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to
_____ on the
_____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of
_____, _____, to certify which witness my hand and
seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES

_____